**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TAN GIOK TJAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-73532<br><br>Agency No. A095-634-706<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Tan Giok Tjan, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order affirming an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AR/Research

under the Convention Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review for substantial evidence, *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004), and we deny the petition for review.

Substantial record evidence supports the BIA's conclusion that the mistreatment Tjan suffered while living in Indonesia did not rise to the level of past persecution.  *See Singh v. INS*, 134 F.3d 962, 965-69 (9th Cir. 1998) (repeated vandalism of Indo-Fijian's property, with no physical injury, not persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating unconnected with any particular threat did not compel finding that ethnic Albanian suffered past persecution in Kosovo).  Even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004), applies to Tjan, he has not demonstrated the requisite individualized risk of persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003).  Thus, substantial evidence supports the BIA's conclusion that Tjan did not establish a well-founded fear of future persecution.  *See Lolong v.Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (en banc) (showing of individualized risk requires more than a general undifferentiated claim of the type of fears common to the religious group).

Because Tjan did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Substantial evidence also supports the BIA's denial of CAT relief because Tjan failed to establish it is more likely than not that he will be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Lastly, contrary to Tjan's contention, the agency's decisions were supported by the record and sufficiently reasoned for us to review. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 (9th Cir. 2004) (agency does not have to write an exegesis on every contention).

**PETITION FOR REVIEW DENIED.**